**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William Kenneth PEEBLES, Defendant–Appellant.**

**No. 00–20872.**

United States Court of Appeals, Fifth Circuit.

June 21, 2002.

Paula Camille Offenhauser and James Lee Turner, Asst. U.S. Attys., Houston, TX, for Plaintiff–Appellee.

Colin Bryan Amann, Gaither & Amann, Houston, TX, for Defendant–Appellant.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

### BY THE COURT:

The Supreme Court of the United States, by order in *William Kenneth Peebles v. United States*, —— U.S. ——, 122 S.Ct. 1603, 152 L.Ed.2d 618, granted appellant's petition for a writ of *certiorari*, vacated the judgment in the case, and remanded it to us for further consideration in the light of *Ashcroft v. Free Speech Coalition*, 535 U.S. ——, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002).

IT IS ORDERED that the captioned case be and it is hereby remanded to the United States District Court for the Southern District of Texas for further proceedings and disposition consistent with the aforesaid order of the Supreme Court.

### APPENDIX

#### IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

UNITED STATES of America, Plaintiff–Appellee,

v.

William Kenneth PEEBLES, Defendant–Appellant.

No. 00–20872
Summary Calendar.

Oct. 16, 2001.

Appeal from the United States District Court for the Southern District of Texas
USDC No. H–00–CR–3–1.

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM: *

William Kenneth Peebles appeals his conditional guilty-plea conviction and sentence for possession of child pornography.

In accordance with the reservation of rights in his plea agreement, Peebles contends that the definition of "child pornography" in the Child Pornography Protection Act (CPPA) is unconstitutionally overbroad and vague because it includes any visual depiction that "*appears to be*, of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(B) (emphasis added). Peebles concedes that this argument is foreclosed by *United States v. Fox*, 248 F.3d 394, 403–07 (5th Cir.2001), which held the definition not to be overbroad or vague. Peebles raises the issue only to preserve it for possible Supreme Court review.

Peebles contends there is no factual basis for his plea because the record does not establish that the pornographic images were "transported in interstate or foreign commerce." *See* 18 U.S.C. § 2252A(a)(2). The factual basis written into the plea agreement and established at the plea hearing showed that Peebles downloaded the images onto a computer and through a network server that transmitted the images across state lines. The district court complied with Rule 11(f) by "making such inquiry as [satisfied] it that there is a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual basis for the plea." Fed.R.Crim.P. 11(f).

Peebles challenges the special condition of supervised release that requires him to register as a sex offender in accordance with state law. Peebles validly waived any appeal of his sentence except for an upward departure from the guidelines. *See* Fed.R.Crim.P. 11(c)(6); *see United States v. Robinson,* 187 F.3d 516, 518 (5th Cir. 1999). The district court was required by 18 U.S.C. § 3583(d) to make sex-offender registration a condition of Peebles's supervised release. Therefore the requirement was not an "upward departure," and Peebles therefore waived his right to appeal it.

The conviction and sentence are AFFIRMED.